[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Reaction Thermal Systems, Inc. (RTS), filed a motion to dismiss for lack of personal jurisdiction. RTS, a corporation organized under the laws of the State of California with a principal place of business in Napa, California, was served in this action under the state's long-arm statute, General Statutes § 33-411(c).
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person. . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with affidavits as to facts not apparent on the record." Practice Book § 142. A supporting document filed with a memorandum of law pursuant to P.B. § 143 must be in affidavit form. Boyd v. Payne, 16 Conn. L. Trib. No. 18 p. 29 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted; citations omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62 (1988).
The determination of a defendant's challenge to personal jurisdiction involves a two-part inquiry as to (1) whether the state's long-arm statute reaches the defendant, and, if so, (2) CT Page 9914 whether such statutory reach exceeds the "minimum contacts" test required for constitutional due process. In re ConnecticutAsbestos Litigation, 677 F. Sup. 70, 72 (D. Conn. 1086). See,Hart, Nininger Campbell Associates, Inc. v. Rogers, 16 Conn. App. 619,624 (1988).
The Connecticut long-arm statute, General Statutes § 33-411(c), states the four instances in which our courts may exercise long-arm jurisdiction over a foreign corporation:
 Every foreign corporation shall be subject to suit in this state . . . whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders' or offers relating thereto were accepted within or without the state; or (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of misfeasance or nonfeasance.
"General Statutes § 33-411(c) . . . confers jurisdiction over some causes of action without regard to whether a foreign corporation is transacting business here and without regard to any causal connection between the plaintiff's cause of action and the defendant's presence in this state." Wallenta v. Avis Rent ACar System, Inc., 10 Conn. App. 201, 206 (1987). "Under § 33-411(c), consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Frazer v. McGowan,198 Conn. 243, 249 (1986). CT Page 9915
The plaintiff, C.N. Flagg and Company, Inc. (Flagg), is a Connecticut corporation with a principal place of business in the state and is engaged in the business of mechanical and electrical contracting. The defendant, Carrier Corporation (Carrier), is a Delaware corporation with a place of business in Connecticut. RTS designs and manufactures an antifreeze product known as Reactol. Carrier is a distributor of that product. Flagg alleges that on January 17, 1989 it contracted to construct a cooling and heating plant at the Government Center in New Haven, Connecticut.
In fulfillment of its contractual obligations, Flagg installed a "Reaction Ice Storage System," including Reactol, which it purchased from Carrier. Flagg claims that it completed installation of the system sometime prior to May 3, 1989 and that on May 23, 1990, evaporator tubes in the plant froze and burst, causing damage to the plaintiff's property. Flagg claims that the damage to its property was directly and proximately caused by RTS's manufacturing, distributing and supplying of Reactol in a defective and unreasonably dangerous condition.
RTS filed a memorandum of law in support of its motion to dismiss and attached there to an unsigned document that purported to be an "affidavit." A signed affidavit was subsequently filed. Flagg filed a memorandum of law in opposition to the motion to dismiss together with seven supporting documents labeled "Exhibit" (A — G). There is no accompanying affidavit or affidavits.
"The requisite `minimum contacts' necessary to subject a defendant [to suit under § 33-411] are not determined through a mechanical or quantitative evaluation of the defendant's activities in the forum, but rather through a qualitative examination of the relationship among the defendant, the forum, and the litigation." Combustion Engineering v. NEI InternalCombustion, 798 F. Sup. 100, 105 (D. Conn. 1992).
"This evaluation centers on the question of whether the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." (Internal quotation marks omitted; citation omitted.) Id. See, Hart, Nininger CampbellAssociates, Inc. v. Rogers, supra, 16 Conn. App. 625-26.
"Whether sufficient minimum contacts exist for a court to CT Page 9916 have jurisdiction is clearly dependent on the facts of each particular case." Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 42 (1983). "When . . . the jurisdictional basis is not clear on the face of the record because service is had under the long-arm statutes, additional facts establishing the `minimum contacts' required by due process may need to be shown. . . . If the defendant challenges the court's jurisdiction, it is then incumbent on the plaintiff to prove the facts establishing the requisite minimum contacts." Id., 52-53. "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof, is on the plaintiff to present evidence which will establish jurisdiction." Id., 54.
"[A] determination of whether sufficient minimum contacts with Connecticut exist is a fact question." (citation omitted.)Id., 56. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Id.
Flagg cannot meet its burden of proof without a hearing where evidence is presented. Memoranda of law with supporting documents attached can never be adequate substitute for a "trial-like" hearing. The rule stated in Standard Tallow Corp. v. Jowdy,supra, does not admit to any discretion in a trial court where the question of jurisdiction has been raised.
No decision can be rendered on the defendant's motion to dismiss until a hearing has been held. Accordingly, this matter is held in abeyance until completion of a hearing. The case is continued to the fourth short calendar scheduled for the month of October, 1994, unless a different date is ordered by the court.
BY THE COURT
LEANDER C. GRAY, JUDGE